(C.D. 3648)

Inter Maritime Fwdg. Co., Inc., et al. v. United States

United States Customs Court, Second Division

(Decided December 23, 1968)

*Tompkins & Tompkins* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Rao, Ford, and Newman, Judges

Rao, Chief Judge: Counsel for the respective parties have submitted these cases for decision on a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed LG by Import Specialist Louis Golmitz on the invoices accompanying the entries covered by the protests listed in the attached Schedule A, which Schedule A is made a part of this stipulation, which were classified by similitude, Paragraph 1559 Tariff Act of 1930, at the modified duty rate of 19% ad valorem, T.D. 54108, under Paragraph 397 of the same Act,

consist of hand insecticide dusters that are similar in all material respects to the merchandise that was the subject of decision in the case of *Inter Maritime Fwdg. Co., Inc.* v. *United States*, 59 Cust. Ct. 412, C.D. 3177, and therein held classifiable free of duty under Paragraph 1604 of the same Act, appeal (Customs Appeal 5304) dismissed May 6, 1968.

It is further stipulated and agreed that the record in the case of *Inter Maritime Fwdg. Co., Inc.* v. *United States*, 59 Cust. Ct. 412, C.D. 3177, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

In view of this stipulation and on the authority of the decision cited, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the import specialist on the invoices accompanying the entries covered by the protests enumerated on schedule "A", attached hereto and made a part hereof, consisting of hand insecticide dusters, is properly classifiable free of duty under paragraph 1604 of the Tariff Act of 1930, as agricultural implements.

To that extent the protests are sustained. As to all other claims, they are overruled. Judgment will be entered accordingly.